■ CHIFFON T. SMITH et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [621 NYS2d 319] —Judgment, Supreme Court, Bronx County (Philip C. Modesto, J.), entered March 4, 1993, upon a jury verdict which

found defendant liable to plaintiffs and awarded damages and an order of the same court entered January 15, 1994, which, *inter alia,* reduced those damages to a total of $471,008.35, unanimously modified, on the law, to affirm the judgment insofar as it awarded damages in the amount of $100,000 to plaintiff Chiffon Tolbert Smith for pecuniary loss as a result of the death of her mother, and to otherwise reverse, vacate the judgment and dismiss the remaining causes of action, without costs.

The theory of liability which was submitted to the jury in this psychiatric malpractice action without objection was whether the doctor who examined decedent had departed from accepted psychiatric standards by not making a more timely out-patient psychiatric appointment and "by failing to communicate to the patient or her husband the significance or importance of keeping the April 15, 1985 appointment." As the jury was entitled to accept decedent's husband's testimony that he had had nocommunication with the doctor and to reject the doctor's testimony that she had informed the decedent and her husband of the appointment and had told decedent's husband that it was very important that decedent keep the appointment, there was sufficient evidence to support its finding that there had been such departures. Moreover, in light of decedent's history, there was sufficient evidence for the jury to find that it was reasonably foreseeable that decedent would become suicidal without further treatment, thereby establishing that these departures were a proximate cause of the decedent's subsequent leap from her apartment window. Thus, that portion of the verdict finding the defendant liable for the decedent's death and awarding damages to plaintiff Chiffon Tolbert Smith in the amount of $100,000 should stand.

However, there is no evidence that decedent had ever been a danger to anyone other than herself and, under the particular circumstances of this case, no other evidence from which the jury could have found that it was reasonably foreseeable that further psychiatric care was necessary to prevent her from becoming a danger to anyone else. Thus, the jury's verdict on those causes of action seeking damages for the wrongful death of decedent's daughter Nikia Joele Tolbert Smith and the serious injuries suffered by her other daughter, plaintiff Chiffon Tolbert Smith, must be set aside and the causes of action dismissed.

We have examined defendant's remaining contentions and

find that they are without merit. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Williams, JJ.